UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PAULINE ROCKE,

        *Plaintiff*,

- against -

CONEY ISLAND HOSPITAL EMT; 60th PRECINCT; ACS; & MAYRA URRUDAMSW,

        *Defendants*.

**MEMORANDUM & ORDER**
25-cv-00627 (NCM) (JRC)

---

**NATASHA C. MERLE,** United States District Judge:

*Pro se* plaintiff Pauline Rocke filed the above-captioned complaint for civil rights violations against Coney Island Hospital, the 60th Precinct of the New York City Police Department, the Administration for Children's Services, and an individual defendant, Mayra Urrudamsw. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.

For the reasons discussed below, the complaint is **DISMISSED**. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

This is plaintiff's fifth action in this Court.[1] However, none of plaintiff's complaints have provided a viable federal claim, nor do any of her submissions lend clarity to the

---

[1] *Rocke v. Hettleman et al*, 24-cv-05874 (NCM) ("*Rocke I*"); *Rocke v. Hettleman et al*, 24-cv-05961 (NCM) ("*Rocke II*"); *Rocke v. Turbow*, 24-cv-06041 (NCM) ("*Rocke III*"); *Rocke v. USA et al*, 25-cv-00040 (NCM) ("*Rocke IV*"). Plaintiff's sixth action, *Rocke v. PSA1 ACS et al*, 25-cv-00628 (NCM) ("*Rocke VI*"), was filed the same day as this action. Following the filing of the instant complaint, plaintiff filed two more cases,

1

basis or bases for her claims. The instant complaint, like her others, was filed on a civil rights violation complaint form and, to the extent it is comprehensible, appears to concern her emergency mental health treatment and allegedly fabricated conditions that led to the removal of her child from her custody. *See generally* Complaint ("Compl."), ECF No. 1 at 4–7. Her largely incomprehensible allegations do not mention any of the defendants she has listed. She seeks damages of $50,000. Compl. 7.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have

---

*Rocke v. Coney Island Hospital et al*, 25-cv-00983 (NCM) ("*Rocke VII*"); and *Rocke v. Rodricus et al*, 25-cv-00986 (NCM) ("*Rocke VIII*").

² Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000). The "basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's claims against each defendant because, even construed liberally, they fail to meet Rule 8's minimal pleading requirements. Plaintiff's complaint fails to comply with Rule 8's requirement that plaintiff provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. Plaintiff files her complaint on the civil rights violation form, but that is the only aspect that lends any insight into her claims as she fails to allege any additional facts which may indicate the bases for her complaint. As with her prior actions, plaintiff appears to seek relief from individuals and

3

entities who were involved in her healthcare and hospitalization, but her complaint does not suggest a basis for relief or whether such relief is within this Court's power to consider. Specifically, plaintiff fails to explain what civil rights defendants violated or how any actions they took, or did not take, violated her constitutional rights. Nor has she linked any defendant to a constitutional violation. Thus, even liberally construing the complaint in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

To the extent plaintiff seeks to assert a claim for violation of her civil rights pursuant to 42 U.S.C. § 1983 against private individuals or a private entity, any such claim must also be dismissed. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").

Given the significant deficiencies in the complaint, plaintiff's claims are dismissed.

## CONCLUSION

For the reasons stated above, the action is dismissed because the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Moreover, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim against the defendants. The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include "Docket Number 25-cv-00627 (NCM) (LB)." Plaintiff should explain how she was injured, who was responsible, and why she thinks this Court has jurisdiction to remedy the injury. The Amended Complaint will replace, not supplement, the original complaint.

If plaintiff fails to file an amended complaint within thirty days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

                                                    */s/ Natasha C. Merle*
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:        April 30, 2025
               Brooklyn, New York